

**Service of Process Transmittal**
12/08/2020
CT Log Number 538719948

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in New York** |
| **FOR:** | WALMART INC. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Pineiro Maritza, Pltf. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Notice(s), Summonses, Complaint(s), Verification(s) |
| **COURT/AGENCY:** | Queens County: Supreme Court, NY<br>Case # 72359720 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 08/05/2020 at 1220 Old Country Road, Westbury, NY 11590 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/08/2020 at 15:26 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey W. Bader<br>Bader & Yakaitis, LLP<br>1430 Broadway<br>Suite 1802<br>New York, NY 10018<br>212-465-1110 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/09/2020, Expected Purge Date: 12/14/2020<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Tue, Dec 8, 2020 |
| Server Name: | NY-NYC DROPOFFPROCESSSERVER |

| | |
|---|---|
| Entity Served | WALMART INC. |
| Agent Name | |
| Case Number | 723597/2020 |
| Jurisdiction | NY |



# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through December 4, 2020.

Selected Entity Name: WALMART INC.
Selected Entity Status Information

**Current Entity Name:** WALMART INC.
**DOS ID #:** 1453447
**Initial DOS Filing Date:** JUNE 06, 1990
**County:** SUFFOLK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
WALMART INC.
28 LIBERTY STREET
NEW YORK, NEW YORK, 10005

**Chief Executive Officer**
C. DOUGLAS MCMILLON
702 SW 8TH ST.
BENTONVILLE, ARKANSAS, 72716

**Principal Executive Office**
WALMART INC.
702 SW 8TH ST.
BENTONVILLE, ARKANSAS, 72716

**Registered Agent**
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAR 09, 2018 | Actual | WALMART INC. |
| JUN 06, 1990 | Actual | WAL-MART STORES, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------x
MARITZA PINEIRO

                            Plaintiff/Petitioner,

           - against -                       Index No. 723597/20

WALMART INC.

                          Defendant/Respondent.
---------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 12/7/20

_____ (Signature)

Jeffrey W. Bader (Name)

Bader & Yakaitis LLP (Firm Name)

1430 Broadway, Suite 1802 (Address)
New York, NY 10018

212-465-1110 (Phone)

jbader@bynlaw.com (E-Mail)

To:    WALMART INC.

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MARITZA PINEIRO

                        Plaintiff(s),

      -against-

WALMART INC.

                        Defendant(s).
-------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates County as the place of trial.

The basis of venue is:
Plaintiff's residence
Plaintiff resides at:
100-18 203 Street
Hollis, NY 11423
County of Queens

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        NEW YORK, NEW YORK
               December 7, 2020

                                        Jeffrey W. Bader
                                        Bader & Yakaitis, LLP
                                        Attorney for Plaintiff(s) Maritza Pineiro
                                        1430 Broadway
                                        Suite 1802
                                        New York, New York 10018
                                        (212) 465-1110

TO:     VIA SECRETARY OF STATE

        WALMART INC.
        28 LIBERTY STREET
        New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
MARITZA PINEIRO

                        Plaintiff,

    -against-

WALMART INC.

                        Defendant.
------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

       Plaintiff, by her attorneys, **BADER & YAKAITIS, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

    1.    Upon information and belief, Defendant **WALMART INC.** was and still is a domestic foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

    2.    On August 5, 2020, Defendant **WALMART INC.** owned a business knowns as "WALMART" located at 1220 Old Country Road, Westbury, NY 11590.

    3.    On August 5, 2020, Defendant **WALMART INC.** conducted business at 1220 Old Country Road, Westbury, NY 11590On August 5, 2020,

    4.    On August 5, 2020 Defendant **WALMART INC.** owned a building or premises known as 1220 Old Country Road, Westbury, NY 11590.

    5.    On August 5, 2020 Defendant **WALMART INC.** leases a portion of the building or premises known as 1220 Old Country Road, Westbury, NY 11590.

    6.    That on August 5, 2020, the defendant, **WALMART INC.** operated the aforesaid premises.

    7.    That on August 5, 2020, the defendant, **WALMART INC.** managed the aforesaid premises.

    8.    That on August 5, 2020, the defendant, **WALMART INC.** maintained the aforesaid premises.

9. That on August 5, 2020, the defendant, **WALMART INC.** controlled the aforesaid premises.

10. That at all the times hereinafter mentioned, the defendant had the duty of maintaining the aforesaid premises in a safe and proper condition, free of hazards, traps, nuisances and defects.

11. On August 5, 2020, while plaintiff was lawfully at or about the aforesaid premises, she was caused to fall and sustain serious personal injuries, all as a result of the negligence of the defendant.

12. That said occurrence was caused by reason of the negligence and carelessness of the defendant, in the ownership, operation, management, maintenance, supervision and control of the aforesaid premises at the place aforementioned; in allowing suffering and permitting said premises and a portion thereof to be and remain in a dangerous, broken and hazardous condition; in allowing said premises to fall into disrepair; in that said premises was and remained in a dangerous condition and defective state constituting an unreasonable, actual and potential trap and menace likely to cause severe and serious personal injuries to patrons thereat and did actually cause said injuries of this plaintiff, in failing to take reasonable and adequate precautions and measures to prevent the said occurrence; in failing to place warning signs or barricades about the dangerous condition; in failing to have competent help or employees who would prevent the occurrence and negligent condition; in failing to conduct reasonable and proper inspections of said premises; in failing to provide protection or protective devices to protect plaintiff or person similarly situated and the conduct of the defendants as aforesaid was wanton, willful and with conscious disregard for the rights, safety and wellbeing of the plaintiff and others similarly situated.

13. That by reason of foregoing, the plaintiff, was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his/her person, with accompanying pain; that he/she continues to be sick, sore, lame and disabled, and upon information and belief, he/she will continue to be sick, sore, lame and disabled, for a long time to come and was

required to receive hospital and medical treatment and attention for his/her injuries and was unable and shall continue to be unable to pursue his/her usual pursuits, activities and employment.

14. That by reason of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

15. Plaintiff herewith demands a trial by jury.

**WHEREFORE**, Plaintiff **MARITZA PINEIRO** demands judgment including compensatory damages against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated:   New York, New York
         December 7, 2020

Yours, etc.

_____
JEFFREY W. BADER, ESQ.
Bader & Yakaitis, LLP
Attorney for Plaintiff(s)
Maritza Pineiro
1430 Broadway
Suite 1802
New York, New York 10018
(212) 465-1110

## VERIFICATION

STATE OF NEW YORK
COUNTY OF NEW YORK

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury; that I am one of the attorneys for the plaintiff(s) in the within action.

That I have read and know the contents of the foregoing summons and complaint and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

This verification is made by affirmant and not by the plaintiff(s) herein because the plaintiff(s) is/are not within the county where affirmant maintains his/her office.

This verification is based on information furnished to affirmant by the plaintiff(s) is this action and information contained in affirmant's file.

Dated: December 7, 2020
New York, NY

_____
JEFFREY W. BADER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
MARITZA PINEIRO

                           Plaintiff/Petitioner,

          - against -                           Index No. 723597/20

WALMART INC.

                           Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 12/7/20

_____ (Signature)      1430 Broadway, Suite 1802 (Address)
Jeffrey W. Bader     (Name)                    New York, NY 10018

Bader & Yakaitis LLP (Firm Name)       212-465-1110     (Phone)

                                                jbader@bynlaw.com  (E-Mail)

To:    WALMART INC.

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
MARITZA PINEIRO

                                Plaintiff(s),

       -against-

WALMART INC.

                              Defendant(s).
---------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates County as the place of trial.

The basis of venue is:
Plaintiff's residence
Plaintiff resides at:
100-18 203 Street
Hollis, NY 11423
County of Queens

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       NEW YORK, NEW YORK
               December 7, 2020

                                       Jeffrey W. Bader
                                       Bader & Yakaitis, LLP
                                       Attorney for Plaintiff(s) Maritza Pineiro
                                       1430 Broadway
                                       Suite 1802
                                       New York, New York 10018
                                       (212) 465-1110

TO:     VIA SECRETARY OF STATE

         WALMART INC.
         28 LIBERTY STREET
         New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
MARITZA PINEIRO

                        Plaintiff,

    -against-

WALMART INC.

                        Defendant.
---------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **BADER & YAKAITIS, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1. Upon information and belief, Defendant **WALMART INC.** was and still is a domestic foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

2. On August 5, 2020, Defendant **WALMART INC.** owned a business knowns as "WALMART" located at 1220 Old Country Road, Westbury, NY 11590.

3. On August 5, 2020, Defendant **WALMART INC.** conducted business at 1220 Old Country Road, Westbury, NY 11590On August 5, 2020,

4. On August 5, 2020 Defendant **WALMART INC.** owned a building or premises known as 1220 Old Country Road, Westbury, NY 11590.

5. On August 5, 2020 Defendant **WALMART INC.** leases a portion of the building or premises known as 1220 Old Country Road, Westbury, NY 11590.

6. That on August 5, 2020, the defendant, **WALMART INC.** operated the aforesaid premises.

7. That on August 5, 2020, the defendant, **WALMART INC.** managed the aforesaid premises.

8. That on August 5, 2020, the defendant, **WALMART INC.** maintained the aforesaid premises.

9. That on August 5, 2020, the defendant, **WALMART INC.** controlled the aforesaid premises.

10. That at all the times hereinafter mentioned, the defendant had the duty of maintaining the aforesaid premises in a safe and proper condition, free of hazards, traps, nuisances and defects.

11. On August 5, 2020, while plaintiff was lawfully at or about the aforesaid premises, she was caused to fall and sustain serious personal injuries, all as a result of the negligence of the defendant.

12. That said occurrence was caused by reason of the negligence and carelessness of the defendant, in the ownership, operation, management, maintenance, supervision and control of the aforesaid premises at the place aforementioned; in allowing suffering and permitting said premises and a portion thereof to be and remain in a dangerous, broken and hazardous condition; in allowing said premises to fall into disrepair; in that said premises was and remained in a dangerous condition and defective state constituting an unreasonable, actual and potential trap and menace likely to cause severe and serious personal injuries to patrons thereat and did actually cause said injuries of this plaintiff, in failing to take reasonable and adequate precautions and measures to prevent the said occurrence; in failing to place warning signs or barricades about the dangerous condition; in failing to have competent help or employees who would prevent the occurrence and negligent condition; in failing to conduct reasonable and proper inspections of said premises; in failing to provide protection or protective devices to protect plaintiff or person similarly situated and the conduct of the defendants as aforesaid was wanton, willful and with conscious disregard for the rights, safety and wellbeing of the plaintiff and others similarly situated.

13. That by reason of foregoing, the plaintiff, was rendered sick, sore, lame and disabled, and suffered severe, painful and permanent injuries to various parts of his/her person, with accompanying pain; that he/she continues to be sick, sore, lame and disabled, and upon information and belief, he/she will continue to be sick, sore, lame and disabled, for a long time to come and was

required to receive hospital and medical treatment and attention for his/her injuries and was unable and shall continue to be unable to pursue his/her usual pursuits, activities and employment.

14. That by reason of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

15. Plaintiff herewith demands a trial by jury.

**WHEREFORE**, Plaintiff **MARITZA PINEIRO** demands judgment including compensatory damages against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated: New York, New York
December 7, 2020

Yours, etc.

JEFFREY W. BADER, ESQ.
Bader & Yakaitis, LLP
Attorney for Plaintiff(s)
Maritza Pineiro
1430 Broadway
Suite 1802
New York, New York 10018
(212) 465-1110

# VERIFICATION

STATE OF NEW YORK
COUNTY OF NEW YORK

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury; that I am one of the attorneys for the plaintiff(s) in the within action.

That I have read and know the contents of the foregoing summons and complaint and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

This verification is made by affirmant and not by the plaintiff(s) herein because the plaintiff(s) is/are not within the county where affirmant maintains his/her office.

This verification is based on information furnished to affirmant by the plaintiff(s) is this action and information contained in affirmant's file.

Dated: December 7, 2020
New York, NY

_____
JEFFREY W. BADER